Nathan P. Roberts, WSBA No. 40457
Jackson R. Pahlke, WSBA No. 52812
Connelly Law Offices, PLLC
2301 N. 30th Street
Tacoma, WA 98403
Ph: (253) 593-5100

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Estate of BLAIR AUSTIN NELSON, deceased, by and through PAUL NELSON individually and as Personal Representative,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHELAN COUNTY, Washington, a municipal corporation d/b/a CHELAN COUNTY REGIONAL JUSTICE CENTER; CHRISTOPHER SHARP; and KAMI ALDRICH, L.P.N.<br><br>　　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, by and through his attorneys of record, alleges as follows:

## I.    INTRODUCTION

1.    Jails have a responsibility to provide competent medical treatment to those in their care. Failure to do so places lives at risk and needlessly exposes jailed individuals to dying alone in pain and confusion, and families to unimaginable grief.

COMPLAINT - 1 of 25

2.     Defendant Chelan County Regional Justice Center ("Chelan County Jail") accepted Blair Nelson into its jail on November 21, 2020.  At jail, Blair was suffering from severe alcohol withdrawal.  She was seen once by medical staff at the jail, by Defendant Licensed Practical Nurse Kami Aldrich.  At that visit, Blair was shaking so much that Defendant Aldrich had to hold her hand so she could get pills into her mouth.  Pursuant to the usual customs, practices, and policies of the Jail, Blair was never seen by a physician or a registered nurse and there was no medical follow up.  Blair showed clear signs of a medical emergency requiring prompt medical treatment, but never received the readily accessible and lifesaving treatment she needed.  Instead, she was given a few pills and left alone until she was "found" dead in her cell several hours later.

3.     Blair's death was preventable and would not have occurred had she received the constitutional minimum of medical care.  She left behind four siblings.

4.     This is an action under 42 U.S.C. § 1983 and Washington law from the events and circumstances leading up to, surrounding, and causing the wrongful death of Blair Nelson on behalf of and for the benefit of her estate and four siblings.

## II.     PARTIES

5.     **Plaintiff Paul Nelson** is the P.R. for the Estate of Blair Nelson. Plaintiff brings this action for the violations of Blair's constitutional and state law rights and for the benefit of Blair's estate and four beneficiaries and siblings: Dana Nelson, Paul

COMPLAINT - 2 of 25

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Nelson (who is also the P.R.), Debby Nelson, and Ben Nelson.  Plaintiff, as the court-appointed P.R., is authorized to bring the current action and to assert all claims alleged in this complaint on behalf of the Estate of Blair Austin Nelson and for Blair's beneficiaries under Washington's wrongful death and survival statutes.

6.    **Defendant Chelan County** is a municipality within the State of Washington. Chelan County maintains and operates the Chelan County Regional Justice Center ("Chelan County Jail"), which is a municipal agency.  The Chelan County Regional Justice Center is a correctional facility located in Wenatchee that houses and confines both pre-trial detainees and convicted prisoners.  The jail is a 267 bed facility that services a population of 100,000 people and encompasses a geographical area of over 5,000 square miles.  All pre-trial detainees confined at the Chelan County Regional Justice Center are entitled to constitutional protections under the Fourteenth Amendment to the United States Constitution, including constitutionally adequate medical care and humane conditions of confinement in addition to state law protections. Chelan County is legally liable for the constitutional violations and negligent acts of its employees at the Chelan County Regional Justice Center in addition to the County's own unconstitutional customs, policies, practices, and state law negligence.

**CONNELLY LAW OFFICES**, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

7.     The civil rights violations delineated in this Complaint were proximately caused by Chelan County's customs, policies, practices, ratification of misconduct, and usages.

8.     Defendant Chelan County was at all material times a "health care provider" under RCW 7.70.020(3) in that it was an entity employing persons licensed by the State of Washington to provide health care services, including nurses and others as listed in RCW 7.70.020(1).

9.     **Defendant Christopher Sharp** was at all times relevant to this case the Regional Justice Center Director and Chief, and employee of Defendant Chelan County who was acting in the course and scope of his employment and under the color of state law. Director Chief Sharp was responsible for setting, modifying, supervising, and training Chelan County jail policies, practices, procedures, and customs. Director Chief Sharp was responsible for ensuring the presence of, and implementing constitutionally sufficient and reasonable policies, procedures, and training for the Chelan County Jail, including, ensuring that healthcare provided to inmates and detainees at the jail, including Blair, met the requirements of the United States Constitution and other legal standards. Defendant Sharp as the Director of the Jail was also responsible for taking care that his subordinates, including medical staff, provided the constitutionally required minimum level of medical care to inmates. Defendant Sharp is sued in his official and individual capacity.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

10.     **Defendant Kami Aldrich** was at all times relevant to this case a Licensed Practical Nurse ("LPN") and employee of Defendant Chelan County working at the Chelan County Regional Justice Center who was acting in the course and scope of her County employment.   At all material times, Defendant Aldrich was acting under the color of state law in providing healthcare to Chelan County inmates and detainees.  She had the duty to ensure that healthcare provided to inmates and detainees at the jail, including Blair, met the requirements of the United States Constitution and other legal standards.  Defendant Aldrich is sued in her individual capacity.

11.     Defendant Aldrich was at all material times a "health care provider" under RCW 7.70.020(1) in that she was a Licensed Practical Nurse licensed by the State of Washington.

## II.     JURISDICTION & VENUE

12.     This Court has personal and subject matter jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. All actions and omissions alleged in this Complaint were committed by the Defendants in the State of Washington and in this judicial district.  Each Defendant either resided in Washington, resides here now, or did systematic and continuous business in Washington.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

13.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Eastern District of Washington.

## III.    STATEMENT OF FACTS

14.     Washington jails, including Chelan County Jail, have a constitutional and state law duty to provide reasonable care to those in their jail.  Despite this many inmates receive dangerous or no medical care and die:

- "The number of deaths in local jails due to drug or alcohol intoxication has more than quadrupled between 2000 (37) and 2018 (178)." The Bureau of Justice Statistics, *Mortality in Local Jails, 2000-2018 – Statistical Tables* (April 2021), p. 1, https://bjs.ojp.gov/content/pub/pdf/mlj0018st.pdf

- "About 40% of inmate deaths in 2018 occurred within the first 7 days of admission to jail, while an additional 15% of deaths occurred among inmates serving 6 months or more." *Id.*, 1.

- "Millions of people are booked into jails each year with alcohol or drug use disorders, and the number who died of reported intoxication while locked up reached record highs in 2018. Since 2000, these deaths are up 381 percent, and over the entire 18 years of data collection, the median time served before a drug or alcohol intoxication death was just 1 day." *Rise in jail deaths is especially troubling as jail populations become more rural and more female*, Prison Policy Initiative (June 23, 2021), https://www.prisonpolicy.org/blog/2021/06/23/jail_mortality/

15.     Drug and alcohol withdrawal are medical conditions that jails have a duty to treat reasonably and promptly.  Failure to do so places inmates in grave danger.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

16.     It is well known by jails and jail healthcare staff, like Defendants here, that alcohol withdrawal and especially severe alcohol withdrawal is a severe medical condition that requires prompt competent medical treatment, and failure to properly provide such treatment places an individual in danger of catastrophic injury or death.

17.     Defendant Chelan County and its employees have a duty to ensure the safety of those confined in its jail, especially those who are undergoing health complications.

18.     Defendants have a duty to refrain from depriving inmates, such as Blair, of their constitutional rights.

19.     Defendants owe a duty to have and follow reasonable policies, procedures, and protocols which should be designed to provide reasonable and constitutionally sufficient medical care to inmates.

20.     Defendant Chelan County and Defendant Director Sharp also owe a duty to properly train and supervise its jail employees on policies, procedures, and protocols to encourage consistent enforcement of policies and procedures to provide reasonable and constitutionally sufficient medical care to inmates.

21.     This case arises from the Defendants' breach of those duties, and their abject failure to provide minimal and lifesaving healthcare to Blair who died as a result.

COMPLAINT - 7 of 25

22.     42-year-old Blair Nelson died a needless and entirely preventable death on November 21, 2021, at the Chelan County Jail.

23.     On September 7, 2021, less than three months before Blair's death, another young inmate, 38-year-old Joseph Verville, died of untreated severe medical illness less than two days after being booked at the Chelan County Jail.  Mr. Verville was seen only once by an L.P.N. for withdrawal.  He would go on to vomit for hours until he was "found" dead in his cell the next day.  No doctor was ever made aware of his condition nor was he placed under actual medical observation by medical staff or transferred to a facility that could provide this mandatory treatment.  This death was a sentinel event requiring the jail at bare minimum to re-evaluate its training, supervision, policies, and procedures and take action to protect future inmates from preventable injury and death resulting from dangerous or no medical care in the face of acute illness.

24.     Unfortunately, the Chelan County Jail did not make any meaningful changes in training, supervision, policies, or procedures—if any—to make sure it could provide the constitutional minimum of medical care before Blair's death.

25.     Defendants were aware that inmates were not receiving the constitutional minimum of healthcare and suffering severe injury or death as a result. Defendants Chelan County nor Director Sharp changed any medical care custom or policy, any withdrawal or detox policy, increase medical staff or staffing, among other

COMPLAINT - 8 of 25

ways anticipated to be found in discovery.  These actions were deliberately indifferent to Blair's right to medical care and foreseeably resulted in her preventable death.

26.     On November 21, 2021, at approximately 2:09 AM, Blair Nelson is booked into the Chelan County Jail as a pre-trial detainee on an alleged DUI charge. Blair has a black eye and blood on her shirt, neither is documented on the jail screening form.  Her blood alcohol content is over .250 and the booking deputy notes that Blair smells like alcohol and that she will be withdrawing from alcohol.

27.     After noting Blair would be detoxing from alcohol, the jail deputy gives Blair a pitcher of Gatorade and places her in a cell.  Defendants fail to put Blair on any medical plan of care and do not notify any medical providers.

28.     Blair is housed in cell H9 on the fifth floor originally.  At approximately 6:30 AM she is moved to 4A Room #1.  Both cells have video monitoring of Blair which Plaintiff has requested but Chelan County has not provided. During this time, Defendants provide no medical care to Blair.

29.     At approximately 8:30 AM, Deputy Humble sees Blair's black eye and informs Sergeant Jeremy Cheever.  Sergeant Cheever does not act on this information and does not inform medical staff of Deputy Humble's concern.  Defendants continue failing to provide medical care to Blair.

30.     At approximately 12:00 PM, Deputy Hisey and Deputy Humble attempt to serve Blair lunch.  Deputy Humble sees Blair with pronounced shaking.

COMPLAINT - 9 of 25

He notes "she couldn't get up for her sack lunch, I had to hand it to her, her hand was shaking."

31.    Blair tells Deputy Hisey she was in a bad place and had been drinking a lot.

32.    After seeing Blair's deteriorating condition, Deputy Humble informs Defendant LPN Kami Aldrich that Blair needs to be seen by medical staff.

33.    Over 12 hours since Blair arrived at the jail, she is first seen by medical personnel around 12:25 PM. Blair is shaking when she moves, even when in a relaxed position. Blair mentions she has been in a bad place and drinking a lot, that she shakes when she doesn't drink, and that she has never tried to detox off alcohol.

34.    Upon arriving at Blair's cell, it is immediately apparent to Defendant LPN Aldrich that Blair is suffering from a serious and potentially life-threatening medical condition.

35.    Defendant LPN Aldrich attempts to get Blair's blood pressure with a wrist cuff, but Blair's medical condition has deteriorated so severely that her body is shaking too much for the cuff to get a reading of her blood pressure. Defendant LPN Aldrich again attempts to steady Blair's hand to get a reading but is unable to because of the tremors. Blair has severe alcohol withdrawal.

36.    Defendant LPN Aldrich performs a CIWA alcohol withdrawal prevention protocol on Blair. Defendant LPN Aldrich notes Blair has mild nausea,

COMPLAINT - 10 of 25

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

severe tremors even with arms not extended, mildly anxious, headache, and a heart rate of 101.

37.     Blair has a severe medical condition that warrants prompt medical care. Defendants fail to provide this care.

38.     Defendant LPN Aldrich starts Blair on Tylenol 325 MG tabs, 2 tabs a day for four days; folic acid 1 MG tabs, 1 tab for 21 days; vitamin B-1 100 MG tabs, 1 tab for 21 days; Librium 25 MG caps, 2 caps per day.

39.     Because of Blair's pronounced tremors, Defendant LPN Aldrich tries to steady Blair's hand to take the medications.

40.     Sergeant Cheever is present for the administration of medications and recalls Blair receiving an abnormally high amount of Librium, four Librium pills.

41.     Any reasonable LPN would have appreciated from the above information that Blair is suffering from a serious and potentially life-threatening medical emergency and that Blair was at a high degree of risk of death or serious complications without prompt medical care, evaluation, and treatment by an appropriate provider.  Particularly given that further diagnosis was not within her scope of licensure as a Licensed Practical Nurse, Defendant LPN Aldrich should have taken steps to secure immediate medical care for Blair from a higher level provider. The available options included ordering Blair transferred to the E.R. of a nearby hospital, calling a physician or other higher level provider with the skill, experience,

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

and knowledge to see and evaluate Blair, or at bare minimum, seeking the immediate advice of a medical doctor or other higher level provider. Defendant LPN Aldrich was required to take prompt and appropriate action to ensure Blair received the evaluation and care she desperately needed.

42.     Defendant LPN Aldrich took none of the above steps and took no other action reasonably necessary to reduce the risk of serious injury or death to Blair. Instead, without seeking the advice or consultation of a higher-level medical provider, at approximately 12:29:34 PM, Defendant LPN Aldrich leaves Blair's cell after less than five minutes seeing her and with no follow up plan.

43.     Blair is seen only this one time by medical staff—Defendant LPN Aldrich—during her incarceration.

44.     There is no future care planned for Blair.   Blair is simply left alone in her cell with her deteriorating severe medical condition.

45.     Instead of medical care, Blair receives deficient cell checks or "monitoring" by jail guards which fail to see if she okay or in worse distress.  Pursuant to the usual customs, practices, procedures, and policies of the Chelan County Jail, Blair's "monitoring" during her severe and deteriorating medical condition is done by the periodic "watch" of jail guards who have no training or expertise in monitoring, evaluating, or caring for seriously ill inmates nor are the guards informed whether and what an inmate's medical condition is nor what to watch for.  These events are called

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

"cell checks" where a jail guard walks to the door of an inmate and looks in to see if they are ok for a few seconds. This is not a medical check or evaluation in any away. Furthermore, these cell checks are done too quickly and without checking to see if the inmate is actually okay, breathing, and not dead.

46.     Less than 3 months before Blair's death, Defendants were on explicit notice that Chelan County Jail guards were not able to provide constitutionally acceptable medical care to inmates suffering a severe medical condition through cell checks and also that the guards were insufficiently trained or supervised to tell whether inmates were breathing and okay as the September 7, 2021, death of Joseph Verville shows.

47.     The Chelan County Jail is insufficiently equipped to handle anywhere in its facility the needs of inmate-patients suffering from urgent, emergent, acute, or potentially life-threatening medical conditions.

48.     The cell checks by corrections officers are grossly insufficient to evaluate whether Blair is in stable medical condition or not. These guards are not medically licensed, trained, and lack the qualifications, schooling, skill, or experience to evaluate medical conditions—much less by "eyeballing" an inmate for a few seconds from a distance. These cell checks are not designed to and are unable to take vital signs, evaluate symptoms, make medical diagnoses or evaluations, ask medically-oriented questions, or otherwise engage in any kind of actual medical

**CONNELLY LAW OFFICES**, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

evaluation.  Predictably, these cell checks provide no medical aid to Blair or medical data to medical staff.

49.     Consistent with the usual customs, practices, policies, and procedures of Defendants, Blair remains in her cell for the rest of her time at the jail with no further medical visit, assessment, care plan, or evaluation by a medical professional or anyone.

50.     At 12:43 PM, Deputy Hisey walks into Blair's cell, appears to engage in a brief conversation and then closes her door seconds later.

51.     On video review after Blair's death, the County notes Blair is shaking at 12:58 PM.

52.     At 1:32 PM, Deputy Humble looks in Blair's cell for approximately 15 seconds.

53.     At 2:29 PM, Defendant LPN Aldrich checks on inmates in cells next to Blair but does not check on Blair.  At 2:32 PM, Defendant LPN Aldrich waits to leave the area next to Blair's cell while at 2:32 PM, Deputy Hisey looks into Blair's cell for approximately 1 second.

54.     At 3:40 PM, Deputy Humble looks into Blairs cell for approximately 15 seconds.

55.     At 4:47 PM, Deputy Hisey looks into Blair's cell for approximately 2 seconds.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

56.     At 5:17 PM, Deputy Hisey opens Blair's cell door and tries to wake her.  He can't.  She is dead.

57.     After Defendants were confronted with clear signs of medical distress, Blair was given a few pills and no other medical care.  Defendants failed to provide a medical assessment or attention for nearly five hours, from when Defendant LPN Aldrich evaluated Blair at 12:25 until she was found dead at 5:17 PM.

58.     Defendants never had Blair's severe medical condition evaluated by a physician nor a registered nurse and failed to provide her with the basic medical care she needed to save her life.

59.     Blair died from her unmanaged and grossly undertreated severe medical condition, which Defendants let deteriorate until she died.

60.     Blair's death was the foreseeable result of the negligence and deliberate indifference to Blair's serious medical needs by Defendants alleged in this Complaint.

61.     Defendant Aldrich acted with deliberate indifference to Blair's serious medical needs.  She made intentional decisions regarding Blair's care that subjected her to a substantial risk of suffering serious harm and death.  She failed to take available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved (making the consequences of her conduct obvious), thereby causing Blair's suffering and death.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

62.     Defendant Aldrich acted with reckless disregard for Blair's constitutional rights.

63.     Defendant Aldrich caused the continued suffering and death of Blair by failing to follow the accepted standards of care.

64.     Defendants' actions were grossly negligent, deliberately indifferent, and with reckless disregard to Blair's constitutional right to medical care and life.

65.     Defendant Chelan County caused the continued suffering and death of Blair by failing to follow the accepted standards of care.

66.     Defendant Chelan County and Defendant Director Sharp created and / or maintained constitutionally deficient policies, practices, or customs that subjected jail inmates and detainees like Blair to a substantial risk of serious harm and that were a moving force in causing the harms alleged in this lawsuit. These included, but were not limited to:  (1) a practice, policy, or custom of not medically monitoring acutely ill inmates; (2) a practice, policy, or custom of not medically monitoring inmates who are withdrawing from alcohol or other substances;  (3) a practice, policy, or custom of having its LPNs place acutely ill inmates on "medical watch," when, in fact, such inmates were only looked at periodically by jail's guards who lacked the qualifications, training, skill, licensure, schooling or experience to evaluate inmates' medical conditions; (4) a practice, policy, or custom of having its LPNs make medical diagnoses and treatment decisions beyond their scope of practice; (5) a practice,

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

policy, or custom of having acutely ill inmates health needs deficiently monitored by jail guards who lacked the qualifications, training, skill, licensure, schooling or experience to evaluate inmates' medical conditions instead of properly trained and licensed medical staff; (6) deficient customs, practices, policies, and procedures for recognizing and responding appropriately to jail inmates' and detainees' urgent medical needs, including situations in which a confined person's illness was so severe that he or she needed to be transported to a hospital for higher level care instead of remaining in the jail were higher level care was not feasible; (7) a policy, practice, or custom of allowing jail inmates with serious health needs to go untreated or to receive treatment that was so inadequate as to be constitutionally infirm; and (8) a policy, practice or custom of failing to ensure that nurses adequately fulfilled their gatekeeper roles by communicating inmates' and detainees' acute medical needs to higher level providers and otherwise taking action to ensure that such individuals were adequately evaluated and treated by medical professionals with the skill, training, experience, and licensure to do so.

67.     Defendant Chelan County and Defendant Director Sharp failed to adequately train and/or supervise its personnel in providing constitutionally adequate care to jail inmates and detainees. This includes inadequate training and supervision regarding (1) recognizing and responding appropriately to jail inmates' and detainees' serious medical needs, including situations in which a confined person's illness was

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

so severe that he or she needed to be transported to a hospital for higher level care instead of remaining in the jail where higher level care was not feasible and where inmates and detainees were therefore unfit to remain confined, (2) communicating with other healthcare providers regarding serious inmate-patient needs, (3) communicating with jail staff regarding serious inmate-patient needs and ensuring that inmates with serious illnesses were evaluated and treated in a manner that would not cause their condition to deteriorate, and (4) ensuring compliance with the duty to provide inmates and detainees with constitutionally adequate healthcare.

68.     The constitutional deficiencies outlined above have led to two deaths in a short time span at the Chelan County jail since 2021.   Joseph Verville died on September 7, 2021 and Blair on November 21, 2021.   Both were preventable and resulted from unconscionable delays in emergency medical care.  These deficiencies were deliberately indifferent to Blair's constitutional right to medical care and caused her death.

69.     Joseph Verville was booked into Chelan County Jail on September 5, 2021.  At booking it was noted he had signs of withdrawal. Mr. Verville was seen by medical staff during his time at the jail, on September 6, 2021, by Defendant LPN Aldrich who started him on detox medications which are delivered to him at dinner time on September 6, 2021.  However, Mr. Verville was not monitored or seen again by medical staff until he was found dead at 8:50 AM on September 7, 2021.  No

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

medical provider was contacted regarding his withdrawal, and he was not monitored by medical staff until he was medically stable and cleared by medical staff. This was a violation of Chelan County jail policies, and procedures and subjected Mr. Verville to inhumane conditions. Defendant LPN Aldrich was notified of potential discipline on September 27, 2021, for failing to make an effort to make sure Mr. Verville was okay despite starting him on a withdrawal protocol the night before his passing. Defendant LPN was disciplined with a verbal warning for her actions in regard to Mr. Verville's care on November 23, 2021, two days after Blair's death.

70.     Defendant Chelan County was on notice of Defendant LPN Aldrich's and other jail employees' customary failure to follow the standard of care and policy and procedure for detoxing inmates from Mr. Verville's death, and did not take sufficient action to prevent it from happening again to Blair less than three months later. Like Mr. Verville, Blair received no physician assessment and barely any medical attention at the jail despite her severe medical condition.

71.     Health Care Manager Tollackson stated that "the county jail does not have an infirmary; we are not a hospital, able to provide 24-hour medical care." Despite this, neither Mr. Verville nor Blair were sent to a facility that could provide the care they needed.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

72.    Chelan County had a pattern of failing to secure medical care for inmates with obviously serious medical conditions. Joseph Verville and Blair's deaths are symptoms of these constitutional failures.

73.    Chelan County's failure to secure medical care for inmates with serious medical needs was driven, in part, by constitutionally impermissible financial considerations.  Chelan County Jail is obligated to pay for some portion of inmates' medications and off-site services, such as hospital visits and ambulance runs.

74.    All acts and omissions of Chelan County and its employees and agents were done under color of state law and committed with at least reckless disregard for Blair's rights under the Fourteenth Amendment. Defendants' acts and omissions caused Blair to suffer significant pre-death pain and suffering during her confinement and caused her death.

75.    Under the non-delegable duty doctrine and vicarious liability, the unconstitutional acts and omissions of Defendant Sharp, Defendant Aldrich, and Chelan County's staff and agents are imputed to and become those of Chelan County.

76.    Defendant Director Sharp is liable in his supervisor capacity for the acts of his subordinates, including LPN Aldrich, by setting in motion the acts of others, and / or knowingly refusing to terminate series of actions by subordinates in failing to medically monitor withdrawing or severely ill inmates, contact a higher level medical provider, or transfer severely ill patients to a facility with a higher level of care which

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Defendant Sharp knew or reasonably should have known would result in Chelan County Jail employees inflicting harm to inmates, like Blair, and their rights to constitutional medical care resulting in serious grave injury or death.

77.    In addition, Defendants are liable in negligence for unreasonably countenancing, approving and participating in the practice of allowing the jail's guards, who were not medically licensed or trained and lacked the qualifications, training, skill or experience to evaluate inmates' medical conditions or otherwise engage in any kind of actual medical evaluation, to monitor inmates with serious medical needs.

## IV.    STATUTORY COMPLIANCE

78.    More than sixty days prior to the commencement of this suit, Plaintiff, individually and as Personal Representative of the Estate of Blair Austin Nelson, served an administrative claim for damages on Defendant Chelan County.

79.    Any prerequisites to the maintenance of this action imposed by RCW 4.96 have therefore been satisfied.

## V.    FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – ALL DEFENDANTS

80.    As a result of the conduct alleged in this Complaint, Defendant Chelan County is liable under 42 U.S.C. § 1983 for violating Blair's rights under the Fourteenth Amendment to the United States Constitution by denying her constitutionally required medical care and treatment and subjecting her to inhumane

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1
2
3
4
5
6

conditions of confinement.  As a direct and proximate result of Defendant Chelan County's unconstitutional acts and omissions, Blair suffered extreme physical pain, severe mental and emotional anguish, and lost her life.  And her siblings lost their sister's society and companionship.  These claims, actionable through Blair's Estate are asserted by and through the Estate's P.R.

7
8
9
10
11
12
13
14
15
16

81.    As a result of the conduct alleged in this Complaint, Defendant Director Sharp is liable under 42 U.S.C. § 1983 for violating Blair's rights under the Fourteenth Amendment to the United States Constitution by denying her constitutionally required medical care and treatment and subjecting her to inhumane conditions of confinement. As a direct and proximate result of Defendant Director Sharp's unconstitutional acts and omissions, Blair suffered extreme physical pain, severe mental and emotional anguish, and lost her life.   And her siblings lost their sister's society and companionship.  These claims, actionable through Blair's Estate are asserted by and through the Estate's P.R.

17
18
19
20
21
22
23

82.    As a result of the conduct alleged in this Complaint, Defendant Aldrich is liable under 42 U.S.C § 1983 for violating Blair's rights under the Fourteenth Amendment to the United States Constitution by denying her constitutionally required medical care and treatment and subjecting her to inhumane conditions of confinement. As a direct and proximate result of Defendant Aldrich's unconstitutional acts and omissions, Blair suffered extreme physical pain, severe mental and emotional anguish,

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

and lost her life.  And her siblings lost their sister's society and companionship.  These claims, actionable through Blair's Estate are asserted by and through the Estate's P.R.

## VI.    SECOND CAUSE OF ACTION – NEGLIGENCE – ALL DEFENDANTS

83.    Defendants Chelan County, Director Sharp, and LPN Aldrich had a duty to provide medical care to Blair in accordance with the accepted standard of care. They also have a duty of reasonable care to not harm Blair.

84.    Defendants breached this duty by and among other ways to be proven at trial and uncovered in discovery, by failing to meet the standard of care; failing to properly hire, train, instruct and supervise its agents, ostensible agents, staff and/or physicians and medical personnel; failing to create, implement, and/or enforce proper policies and procedures; preventing Blair from receiving the medical care she needed; failing to promptly send Blair to a higher level of care at the jail if available or to a hospital to manage her severe medical condition; keeping Blair at the jail without any medical follow up until she died; failing to provide a plan of medical care; failing to reasonably evaluate and treat Blair's acute medical needs; evaluating Blair for less than five minutes with only an LPN; monitoring Blair's condition for less than two minutes via jail guard cell checks after Blair was given withdrawal medication by Defendant LPN Aldrich; and failing to conduct reasonable cell checks to see if Blair was alive and well or needed emergent medical treatment.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

85.     As a result of the conduct alleged in this complaint, Defendants are liable under negligence and RCW 7.70 et seq. for proximately causing suffering and death to Blair by failing to follow the accepted standards of care. As a direct and proximate result of these Defendants' failures to follow the accepted standards of care, Blair suffered extreme physical pain, severe mental, emotional anguish, and death. These claims, actionable through Blair's Estate, are asserted on her behalf by and through the Estate's P.R. and for the benefit of her beneficiaries, under Washington's wrongful death and survival statutes, RCW 4.20.010-20, RCW 4.20.046, and RCW 4.20.060.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants, as follows:

1.     All compensatory general and special damages authorized by law to the Estate of Blair Nelson, including but not limited to all available damages for Blair's mental, physical, and emotional pain and suffering leading up to her death and the loss of the value and enjoyment of her life;

2.     All compensatory general and special damages authorized by law to Plaintiff's beneficiaries, her siblings, for the loss of their sister, pursuant the Washington's wrongful death and survival statutes;

3.     For punitive damages on Plaintiffs' claims under 42 U.S.C. § 1983 against Defendants Chelan County, Director Sharp, and Aldrich;

COMPLAINT - 24 of 25

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

4.      For costs, including reasonable attorneys' fees and costs, under 42 U.S.C. § 1988 and RCW 42.56.550(4), and to the extent otherwise permitted by law; and

5.      For such other relief as may be just and equitable.

## VII.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Washington Constitution Article 1, § 21, Plaintiff hereby demands a jury for all issues so triable.

DATED this 5th day of December 2022.

CONNELLY LAW OFFICES, PLLC

By_____
Nathan P. Roberts, WSBA No. 40457
Jackson R. Pahlke, WSBA No. 52812
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
Fax: (253) 593-0380
E-mail: nroberts@connelly-law.com
E-mail: jpahlke@connelly-law.com
*Attorneys for Plaintiff*

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax